**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DAVID O. PETERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:10-CV-365-Y** |
| | § | |
| **BELL HELICOPTER TEXTRON,** | § | |
| **INCORPORATED,** | § | |
| | § | |
| **Defendant** | § | |

## JURY CHARGE AND VERDICT FORM

### General Instructions

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

The parties have agreed, or stipulated, that:

1. Defendant Bell Helicopter Textron, Inc. ("Bell") conducted a reduction in force ("RIF") that was announced in October 2008.

2. Plaintiff David Peterson's ("Peterson") employment with Bell terminated effective December 31, 2008.

1

3. Peterson's annual base salary at the time of his termination was $93,330.00.

4. All witnesses whose testimony was presented by deposition were sworn in, and they gave their testimony under oath.

5. On or about October 31, 2008, Plaintiff's immediate supervisor was Anthony Moreland, Executive Director of North America Sales.

6. On or about October 31, 2008, Anthony Moreland's supervisor was Robert Fitzpatrick, Senior Vice-President of Marketing and Sales.

7. The following reflects the actual birth dates of the persons indicated below:

| Name | Date of Birth |
|---|---|
| David Peterson | 1/9/1956 |
| Jeanette Eaton | 6/17/1965 |
| Patrick Foley | 1/4/1961 |
| Greg Maitlen | 4/11/1971 |
| Steve Reyna | 8/14/1967 |
| Mike Coulman | 6/13/1947 |
| Bill Ringer | 10/28/1943 |
| Anthony Moreland | 11/20/1966 |
| Robert Fitzpatrick | 2/11/1964 |
| Craig Allison | 12/16/1961 |

This means that both sides agree that these are facts. You must therefore treat these facts as having been proven.

Answer each question presented to you from the facts as you find them. Do not decide who you think should win and then answer questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

2

If the proof fails to establish any essential part of Mr. Peterson's claims by a preponderance of the evidence, you should find for Bell.  Similarly, if the proof fails to establish any essential part of Bell's affirmative defenses by a preponderance of the evidence, you should find for Mr. Peterson as to that affirmative defense.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose.  You may consider such evidence only for the specific limited purpose for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembered it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary if, after considering all the other evidence, you believe that single witness.

Certain interrogatories have been introduced into evidence—that is, questions together with answers signed and sworn to by a party.  A party is bound by its own sworn answers.

By introducing an opposing party's answers to interrogatories, that introducing party does not bind itself to those answers.  The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion on those technical matters. That person is called an expert witness. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect, or circumstantial, evidence—the proof of a chain of facts and circumstances indicating that something is or is not a fact. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as the exhibits that the Court has admitted into evidence. Select your presiding juror and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your presiding juror is to fill in on the verdict form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the court security officer. A form is available in the jury room for that purpose. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

SIGNED May 17, 2013.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

## **Advisory Regarding Your Consideration of Certain Evidence**

You will recall that testimony and exhibits relating to the adverse employment decisions regarding Bell employees Mock, Nickerson, Sartor, and Koenig could be used by you to determine only whether Bell had a motive, the intent, or a plan to discriminate against Mr. Peterson on the basis of his age.  This is still true when you consider Question Number 1.

However, you may also consider that testimony and those exhibits in answering Question Number 4, should that be necessary, regarding whether Bell acted with malice or reckless indifference to the right of Mr. Peterson to be free from age discrimination.

## Question Number 1

Has Mr. Peterson demonstrated by a preponderance of the evidence that age was a motivating factor in Bell Helicopter's decision to terminate Mr. Peterson's employment?

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

If you disbelieve the reason(s) Bell has given for its decision, you may infer that a motivating factor in termination of Mr. Peterson was his age.

In a reduction-in-force situation, the focus is not on the fact of the reduction in force itself, the employer's financial difficulties, or its need to cut workforce. Rather, the focus is on the selection process applied in making the termination decision as to Mr. Peterson.

Answer "Yes" or "No."        ANSWER _____.

If you answered "Yes" to Question Number 1, then proceed to the next page.  If you answered "No" to Question Number 1, do not proceed further, and inform the Court through the court security officer that your deliberations are finished.

**Question Number 2**

Would Bell have terminated Mr. Peterson's employment when it did even in the absence of its consideration of his age?

Bell has the burden of proof by a preponderance of the evidence on Question Number 2. Bell may not meet its burden by merely showing that at the time of the decision, it was motivated only in part by a legitimate reason. Bell instead must show that its legitimate reason, standing alone, would have induced it to make the same decision.

Answer "Yes" or "No."     ANSWER _____.

If you answered "No" to Question Number 2, then proceed to the next page. If you answered "Yes" to Question Number 2, do not proceed further, and inform the Court through the court security officer that your deliberations are finished.

8

**Damages**

If you find by a preponderance of the evidence that Bell illegally discriminated against Mr. Peterson because of his age, then you must determine the amount of damages to which Mr. Peterson is entitled.  You should not interpret the fact that I have given instructions about Mr. Peterson's damages as an indication in any way that I believe that Mr. Peterson should, or should not, win this case.  It is your task first to decide whether Bell is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Bell is liable and that Mr. Peterson is entitled to recover money from Bell.

If you find that Bell is liable to Mr. Peterson, then you must determine an amount that is fair compensation for all of Mr. Peterson's damages. These damages are called compensatory damages**.**  The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate Mr. Peterson for the damage that the he has suffered.  Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury.  If a plaintiff wins, he is entitled to compensatory damages for the emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life that he has suffered because of the defendant's conduct.  You may award compensatory damages only for injuries that Mr. Peterson proves were proximately caused by Bell's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of Mr. Peterson's damages—no more and no less.  You should not award compensatory damages for speculative injuries, but only for those injuries which Mr. Peterson has actually suffered or that Mr. Peterson is reasonably likely to suffer in the future.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require Mr. Peterson to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proven by a preponderance of the evidence:  back pay and benefits, front pay and benefits, compensatory damages in the past, and compensatory damages in the future.  You are instructed that any monetary recovery for back pay and benefits, front pay and benefits, and compensatory damages for non-physical injuries, such as mental anguish, is subject to income tax.

**Question Number 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Mr. Peterson for his damages, if any, that resulted from Bell's discrimination against him on the basis of his age?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay in calculating compensatory damages, if any.

Answer in dollars and cents, if any.


a.      Back pay and benefits.

        "Back pay and benefits" is that amount of wages and employment benefits that Mr. Peterson would have earned if he had not been subjected to Bell's unlawful conduct less any wages he received in the interim.

        "Employment benefits" include retirement fund employer-matching contributions and bonuses**.**

        ANSWER $_____.




b.      Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.


        ANSWER $_____.

c.      Compensatory damages in the future, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

ANSWER $_____.

d.      Front pay and benefits.

"Front pay and benefits" is that amount of wages and employment benefits that Mr. Peterson would have earned in the future if he had not been subjected to his Bell's age discrimination less any wages he is likely to earn in the interim.

ANSWER $_____.

Proceed to Question Number 4 regardless of your answer to Question Number 3.

## **Question Number 4**

Do you find by clear and convincing evidence that Bell acted with malice or with reckless indifference to the right of Mr. Peterson to be free from age discrimination when Bell selected Mr. Peterson for termination?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Bell to cause substantial injury or harm to Mr. Peterson.

Answer "Yes" or "No."        ANSWER _____**.**

If your answer to Question No. 4 is "Yes," then proceed to Question No. 5.  If your answer to Question No. 4 is "No," do not proceed any further, and inform the Court through the court security officer that your deliberations are finished.

## Question Number 5

What sum of money, if any, if paid now in cash, should be assessed against Bell and awarded to Mr. Peterson as exemplary damages, if any, as a result of Bell's malice or reckless indifference to the right of Mr. Peterson to be free from age discrimination when Bell selected him for termination?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1.     The nature of the wrong.

2.     The character of the conduct involved.

3.     The degree of Bell's culpability.

4.     The situation and sensibilities of the parties.

5.     The extent to which such conduct offends a public sense of justice and propriety.

6.     Bell's net worth.

Answer in dollars and cents, if any.

ANSWER $ _____.

Proceed to Question Number 6 regardless of your answer to Question Number 5.

### Question Number 6

Did Bell prove by a preponderance of the evidence that it made a good-faith effort to prevent age discrimination in the workplace?


Answer "Yes" or "No."


Answer: _____.


SIGNED:   _____       DATE:_____

Presiding Juror