IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID O. PETERSON                    §
                                     §
VS.                                  §      ACTION NO. 4:10-CV-365-Y
                                     §
BELL HELICOPTER TEXTRON, INC.        §

<u>JURY VERDICT</u>

**<u>Question Number 1</u>**

Has Mr. Peterson demonstrated by a preponderance of the evidence that age was a motivating factor in Bell Helicopter's decision to terminate Mr. Peterson's employment?

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

If you disbelieve the reason(s) Bell has given for its decision, you may infer that a motivating factor in its termination of Mr. Peterson was his age.

In a reduction-in-force situation, the focus is not on the fact of the reduction in force itself, the employer's financial difficulties, or its need to cut workforce. Rather, the focus is on the selection process applied in making the termination decision as to Mr. Peterson.

Answer "Yes" or "No." ANSWER _____YES_____.

If you answered "Yes" to Question Number 1, then proceed to the next page. If you answered "No" to Question Number 1, do not proceed further, and inform the Court through the court security officer that your deliberations are finished.

## Question Number 2

Would Bell have terminated Mr. Peterson's employment when it did even in the absence of its consideration of his age?

Bell has the burden of proof by a preponderance of the evidence on Question Number 2. Bell may not meet its burden by merely showing that at the time of the decision, it was motivated only in part by a legitimate reason. Bell instead must show that its legitimate reason, standing alone, would have induced it to make the same decision.

Answer "Yes" or "No." ANSWER _____YES_____.

If you answered "No" to Question Number 2, then proceed to the next page. If you answered "Yes" to Question Number 2, do not proceed further, and inform the Court through the court security officer that your deliberations are finished.

## Damages

If you find by a preponderance of the evidence that Bell illegally discriminated against Mr. Peterson because of his age, then you must determine the amount of damages to which Mr. Peterson is entitled. You should not interpret the fact that I have given instructions about Mr. Peterson's damages as an indication in any way that I believe that Mr. Peterson should, or should not, win this case. It is your task first to decide whether Bell is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Bell is liable and that Mr. Peterson is entitled to recover money from Bell.

If you find that Bell is liable to Mr. Peterson, then you must determine an amount that is fair compensation for all of Mr. Peterson's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate Mr. Peterson for the damage that the he has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If a plaintiff wins, he is entitled to compensatory damages for the emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life that he has suffered because of the defendant's conduct. You may award compensatory damages only for injuries that Mr. Peterson proves were proximately caused by Bell's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Mr. Peterson's damages—no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which Mr. Peterson has actually suffered or that Mr. Peterson is reasonably likely to suffer in the future.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require Mr. Peterson to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proven by a preponderance of the evidence: back pay and benefits, front pay and benefits, compensatory damages in the past, and compensatory damages in the future. You are instructed that any monetary recovery for back pay and benefits, front pay and benefits, and compensatory damages for non-physical injuries, such as mental anguish, is subject to income tax.

## Question Number 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Mr. Peterson for his damages, if any, that resulted from Bell's discrimination against him on the basis of his age?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay in calculating compensatory damages, if any.

Answer in dollars and cents, if any.

a.      Back pay and benefits.

"Back pay and benefits" is that amount of wages and employment benefits that Mr. Peterson would have earned if he had not been subjected to Bell's unlawful conduct less any wages he received in the interim.

"Employment benefits" include retirement fund employer-matching contributions and bonuses.

ANSWER $_____.

b.      Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

ANSWER $_____.

c.      Compensatory damages in the future, which include emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

ANSWER $_____.

d.      Front pay and benefits.

"Front pay and benefits" is that amount of wages and employment benefits that Mr. Peterson would have earned in the future if he had not been subjected to ~~his~~ Bell's age discrimination less any wages he is likely to earn in the interim.

ANSWER $_____.

Proceed to Question Number 4 regardless of your answer to Question Number 3.

## Question Number 4

Do you find by clear and convincing evidence that Bell acted with malice or with reckless indifference to the right of Mr. Peterson to be free from age discrimination when Bell selected Mr. Peterson for termination?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Bell to cause substantial injury or harm to Mr. Peterson.

Answer "Yes" or "No." ANSWER _____.

If your answer to Question No. 4 is "Yes," then proceed to Question No. 5.  If your answer to Question No. 4 is "No," do not proceed any further, and inform the Court through the court security officer that your deliberations are finished.

## Question Number 5

What sum of money, if any, if paid now in cash, should be assessed against Bell and awarded to Mr. Peterson as exemplary damages, if any, as a result of Bell's malice or reckless indifference to the right of Mr. Peterson to be free from age discrimination when Bell selected him for termination?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1.    The nature of the wrong.

2.    The character of the conduct involved.

3.    The degree of Bell's culpability.

4.    The situation and sensibilities of the parties.

5.    The extent to which such conduct offends a public sense of justice and    propriety.

6.    Bell's net worth.

Answer in dollars and cents, if any.


ANSWER $ _____.




Proceed to Question Number 6 regardless of your answer to Question Number 5.

## <u>Question Number 6</u>

Did Bell prove by a preponderance of the evidence that it made a good-faith effort to prevent age discrimination in the workplace?


Answer "Yes" or "No."


Answer: _____.


SIGNED: _____          DATE: __5-20-13__
                    Presiding Juror