IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID O. PETERSON | § | |
| | § | |
| VS. | § | ACTION NO. 4:10-CV-365-Y |
| | § | |
| BELL HELICOPTER TEXTRON, INC. | § | |

## ORDER PARTIALLY GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS

Pending before the Court is Plaintiff's Federal Rule 54(d) Motion for Attorneys' Fees and Costs (doc. 123). After review of the motion, related briefs, and applicable law, the Court concludes that the motion should be and hereby is PARTIALLY GRANTED.[1]

The Court concludes that Plaintiff is entitled to an award of attorney's fees and costs under section 21.125(b) of the Texas Labor Code. Plaintiff prevailed in proving that his termination was motivated in part by unlawful age discrimination. The jury determined that he would have been terminated even if his age were not considered and thus did not award Plaintiff any damages. Nevertheless, the Court imposed declaratory and injunctive relief in Plaintiff's favor and finds that Plaintiff's pursuit of his claim vindicated important public policies prohibiting unlawful discrimination. Furthermore, no evidence has been presented suggesting that Plaintiff engaged in inappropriate conduct, but instead Defendant appears to have been successful on its mixed-motive defense because the jury agreed that Plaintiff was the least effective salesperson during the particular time frame considered. As a result, the Court concludes that an award of fees and costs is appropriate. *See Tex. Health & Human Servs.*

---

[1] Defendant's objections to certain of Plaintiff's evidence in support of his motion, which objections are contained within its response brief, are overruled.

*Comm'n v. Wolfe*, No. 03-08-00413-CV, 2010 WL 2789777, *9 (Tex. App.-- Austin 2010, pet. denied) (awarding attorney's fees under section 21.125(b) where plaintiff obtained equitable relief); *see also Garcia v. City of Houston*, 201 F.3d 672, 679 (5th Cir. 2000) (concluding that in mixed-motive case under Title VII, a reduced award of fees was appropriate even though injunctive relief was not granted); *Sheppard v. Riverview Nursing Ctr.*, 88 F.3d 1332, 1337 (4th Cir. 1996) (concluding that in determining whether to award fees in mixed-motive case, courts should consider "the reasons why injunctive relief was or was not granted, or the extent and nature of any declaratory relief"; "whether the public purposes served by resolving the dispute justifies the recovery of fees"; and whether there was "a widespread or intolerable animus on the part of a defendant" or "unacceptable conduct" on the part of the plaintiff).

The Court finds that Plaintiff's requested hours for his attorneys' work, which are 180.45 hours for attorney Hal K. Gillespie and 801.55 hours for attorney M. Jeanette Fedele, are reasonable. Plaintiff demonstrated that excessive, redundant, or otherwise unnecessary hours have been removed from the request, that he has not requested any hours for paralegal time, that the majority of the work was performed by the attorney who charged the lower rate, and that counsel operated efficiently by attempting to limit the amount of discovery undertaken and resolving discovery differences without seeking court intervention.  Plaintiff also has removed numerous attorney hours expended on his unsuccessful and settled claims, to the extent that those hours were not also necessary for his discrimination claim under Texas Labor Code section 21.125.

The Court further finds, however, that the hourly rates requested--$825 for attorney Gillespie and $450 for attorney Fedele-are excessive for Fort Worth, Texas. Gillespie has been practicing law since 1972, is board certified in labor and employment law, and has been recognized on several occasions as a "go-to" lawyer in his field. Fedele graduated law school in 2003 and became board certified in labor and employment law in 2010. Both appear to be well-qualified employment attorneys, and they represented their client well at trial. Nevertheless, neither counsel specifically avers that the requested rates are the customary rates they charge their paying clients. *See LULAC No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 ("When the attorney's customary hourly rate is within the range of hourly fees in the prevailing market, that rate should be considered in setting a reasonable hourly rate."). Instead, counsel suggest that these rates are reasonable based upon their experience "in the Dallas-Fort Worth area." (Pl.'s App. [doc. 124] 4, ¶ 6; 100, ¶ 10.) In support, they cite rates approved in Dallas cases but none from courts located in Fort Worth. They also cite a 2012 national survey that reportedly reflects "a range as to high-billing partners from $630 to $875 per hour for the four North Texas firms listed," (*Id.* 4, ¶ 6.), but the pages of the survey that counsel append to their affidavits do not support their contentions.[2] And, the declaration they submit from outside labor-and-employment attorney

---

[2] Although the type on these pages is so small and/or dark as to be virtually illegible, the only Dallas/Fort Worth firm the Court discerns to be listed on the three pages is on the last page. That page reflects that the Winstead law firm in Dallas charges an average of $265 per hour for its associates and pays its 7th year associates $360 per hour. (Pl.'s App. [doc. 124] 30-32;107-09.)

Rod Tanner suggests that "[i]t is customary for such preeminent attorneys [as Gillespie] to charge clients who pay by the hour more than $495 per hour; indeed, highly skilled civil litigation attorneys are charging more than $650 in the Fort Worth area." (*Id.* 156 ¶ 12.)

Unsurprisingly, Defendant's counsel have averred that Plaintiff's requested rates are not reasonable or customary for Fort Worth, Texas. Defendant's attorney Thomas S. Brandon has been a practicing lawyer only one year less than Gillespie and avers that he charges an hourly rate of $350 per hour, with his "contingency rate for internal accounting purposes var[ying] between $400 and $450 per hour depending upon the matter." (Def.'s App. [doc. 140] 4, ¶ 10.) And attorney Cynthia Hill, who graduated in 1987, avers that her hourly rate is $325 per hour.

After review of the evidence, the Court concludes that $550 is a reasonable hourly rate for Gillespie, and $300 is a reasonable hourly rate for Fedele. As a result, the Court awards Plaintiff $99,522.50 for Gillespie's work and $240,465 for Fedele's work, for a total attorneys' fee award of $339,987.50. The Court further finds that Plaintiff should recover additional costs in the amount of $12,747.94.

SIGNED February 18, 2014.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE